United States District Court
Southern District of Ohio
Western Division

| | |
|---|---|
| Anselm Caddell,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Joyce Campbell,<br><br>*Individually and in her official capacity as Presiding and Administrative Judge of the Fairfield Municipal Court,*<br><br>and<br><br>City of Fairfield, Ohio<br><br>Defendants. | Case No. 1:19-cv-091<br><br>Judge<br><br>Magistrate Judge<br><br>Jury Demand Endorsed Hereon |

Class Action Complaint

**Preliminary Statement**

Joyce Campbell, in her executive and administrative role as the Presiding and Administrative Judge of the Fairfield Municipal Court, employs policies and procedures which fail to afford timely appearance before a judicial officer to certain individuals arrested in the City of Fairfield. These individuals are held in custody for more than 48 hours - sometimes as long as 5 days - prior to their appearance before a judicial officer. These individuals are therefore denied the prompt determination of probable case by a neutral and detached magistrate, as well as timely

access to counsel and bail. Defendants' policies and procedures therefore violate rights conferred by the United States Constitution.

Anselm Caddell was such an individual. Mr. Caddell was arrested on a Thursday evening and held in jail until the following Tuesday when he was taken before Judge Campbell who ordered that he be released on his own recognizance. This civil rights class action seeks damages and other appropriate relief on behalf of Mr. Caddell and all similarly-situated individuals. This action further seeks an injunction compelling defendants to remedy these constitutional infirmities.

## II. Jurisdiction

1. This claim is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction to hear this case per 28 U.S.C. §§ 1331, 1343 (3) and (4).

2. Venue in the United States District Court for the Southern District of Ohio, Western Division, is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

3. Plaintiff Anselm Caddell is a citizen of the State of Ohio, who, at all relevant times, resided within Butler County.

4. Defendant City of Fairfield, Ohio ("Defendant City of Fairfield") is a municipal corporation organized under Ohio law located in Butler County. Pursuant to O.R.C. § 1901.01(A) Defendant Fairfield operates the Fairfield Municipal Court ('FMC").

5. Defendant Joyce Campbell ("Defendant Campbell") is the sole judicial officer of the Fairfield Municipal Court. As such, Defendant Campbell serves as both the presiding and administrative judge of the FMC pursuant to O.R.C. § 1901.09(A). Defendant Campbell is responsible for the general supervision of the business of the court and exercises control over the administration, docket, and calendar of the court pursuant to O.R.C. § 1901.15 and Rule 4.01(A)

of the Rules of Superintendence for the Courts of Ohio. Defendant Campbell is not sued in her judicial capacity, but rather in her capacity as the administrator and executive for the FMC.

## IV. Facts

<u>Class-wide Allegations</u>

6. Defendant City of Fairfield operates the FMC pursuant to O.R.C. § 1901.01(A).

7. The FMC is a municipal court of limited subject matter jurisdiction over, *inter alia*, criminal violations alleged to have occurred within the territorial borders of Defendant City of Fairfield.

8. Individuals who are criminally charged within the City of Fairfield and who are physically detained are taken to jail to await appearance before the FMC.

9. Defendant Campbell is the sole judicial officer of the FMC. As such, Defendant Campbell serves as both the presiding and administrative judge pursuant to O.R.C. § 1901.09(A). As the FMC's executive, Defendant Campbell is responsible for the general supervision of the business of the court and she exercises control over the administration, docket, and calendar of the court pursuant to O.R.C. § 1901.15 and Rule 4.01(A) of the Rules of Superintendence for the Courts of Ohio.

10. The FMC conducts combined pretrial proceedings that include determinations of probable cause as well as the setting of bonds at an initial appearance referred to as arraignments.

11. It is the policy, practice, and procedure of the FMC, as implemented by its policy maker Defendant Campbell, to only conduct arraignments such that some detained individuals are held in custody for more than 48 hours - sometimes as long as 5 days - prior to their appearance before a judicial officer.

12. These individuals are therefore denied the prompt determination of probable case by a neutral and detached magistrate, as well as timely access to counsel and bail. Defendants' policies and procedures therefore violate rights conferred by the United States Constitution.

Plaintiff's Individual Factual Allegations

13. Mr. Caddell is an honorably-discharged combat veteran of the United States Marine Corps who now lives and works in Butler County, Ohio.

14. Mr. Caddell was travelling on Nilles Road in the City of Fairfield during the early morning hours of Thursday, February 23, 2017.

15. Mr. Caddell was stopped by an Ohio State Highway Patrol Trooper for an alleged traffic violation. Mr. Caddell has a duly issued license to carry concealed weapons and had firearms in the trunk of his vehicle when he was stopped.

16. Following a road-side detention, the trooper took Mr. Caddell into custody based upon suspicion of criminal activity. Mr. Caddell was arrested, detained, and transported to the Butler County Jail to be held pending appearance before the FMC.

17. Mr. Caddell was held in the Butler County Jail without bond or appearance before a judicial officer until Tuesday, February 28, 2017 when he was finally transported to the FMC for arraignment before Judge Joyce Campbell.

18. During the five days Mr. Caddell was held in jail, no determination of probable cause was made by an independent magistrate, no counsel was appointed, and no bond was set.

19. When Mr. Caddell finally appeared before the FMC Defendant Campbell ordered that he be released from custody on his own recognizance. All charges against Mr. Caddell were ultimately either ignored by the Butler County Grand Jury or withdrawn by the prosecution.

20. The Constitution of the United States requires that individuals taken into custody by law enforcement receive a prompt appearance before a judicial officer. Ordinarily courts are required to provide for this initial appearance within 48 hours of arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

21. Mr. Caddell's five-day detention without appearance before a judicial officer resulted in a deprivation of his Constitutional rights guaranteed under the Fourth, Sixth, Eighth, and Fourteenth Amendments.

22. Defendants Campbell and City of Fairfield willfully and wantonly enacted, pursued, and/or ratified the policies and procedures set forth above that directly and proximately caused the constitutional deprivations suffered by Mr. Caddell.

<u>Class Action Allegations</u>

23. Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons defined as those individuals detained for more than 48 hours without appearance before a judicial officer pursuant to the policies, practices, and procedures of the Defendants during the two years prior to the filing of this Class Action Complaint and the date of final judgment in this matter ("the Class").

24. The names and addresses of the members of the Class are ascertainable from Defendants' records and are estimated to number 35 or more individuals at present. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

25. The Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

26. Plaintiff's claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each class member

in separate actions.

27. Plaintiff and the Class members were all subject to the same practices, policies, and procedures of the Defendants which resulted in their being detained for more than 48 hours without appearance before a judicial officer.

28. Plaintiff and the Class members have all sustained similar losses, injuries, and damages as a result of the Defendants' policies, practices, and procedures described above.

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

30. Plaintiff is represented by attorneys who are experienced and competent in federal civil rights litigation.

31. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

32. Questions of law or fact common to the Class members include: (a) whether individual members were unconstitutionally detained beyond 48 hours without appearance before a judicial officer, (b) whether this detention was pursuant to the Defendants' policies, practices, and procedures described above, and (c) the nature and extent of class-wide injury and the measure of damages for those injuries. These common questions of law or fact predominate over any questions affecting only individual class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of civil rights litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against governmental defendants.

34. The issues in this action can be decided by means of common, class-wide proof.

35. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense of numerous individual actions.

36. Important public interests will be served by addressing this matter as a class action.

37. The adjudication of individual litigation claims would result in a great expenditure of court and public resources. Treating the claims as a class action would result in significant saving of these costs.

38. At all relevant times, Plaintiff and the Class have been similarly situated and have all been subject to Defendants' policies, practices, and procedures of detaining criminal defendants for more than 48 hours without appearance before a judicial officer.

39. Defendants were aware, or should have been aware, of the constitutional mandate that Mr. Caddell and all members of the Class be provided an appearance before a judicial officer within 48 hours of arrest.

40. Defendants' conduct has been widespread, repeated, and consistent.

41. In recognition of the services Plaintiff has rendered and will continue to render to the Class, Plaintiff will request payment of a service award upon resolution of this action.

## V. Cause of Action - 42 U.S.C. § 1983

42. Plaintiff hereby incorporates by reference all the statements and allegations previously made and contained in this Complaint, as if the same were fully rewritten herein at length, and further states as follows:

43. The Defendants, acting under the color of state law, willfully and wantonly deprived Mr. Caddell and the Class of their clearly established rights, privileges and immunities,

as secured by the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

44. As a result of the Defendants' actions, Mr. Caddell and the Class suffered damages including, without limitation, loss of liberty, suffering of body and mind, and emotional distress.

45. The Defendants' actions directly and proximately caused the foregoing damages suffered by Mr. Caddell and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Anselm Caddell and the Class pray that this Court:

1. Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Designate Plaintiff as representative of the Rule 23 Class and grant to him payment of a service award upon resolution of this action;

3. Designate counsel of record as Class Counsel;

4. Issue an Order compelling Defendants to institute policies and procedures which comport with constitutional mandates;

5. Award damages in an amount to be shown at trial;

6. Award reasonable attorney's fees, costs, and disbursements pursuant to 42 USC §1988 and Federal Rule of Civil Procedure 23(h); and

7. Grant such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Paul M. Laufman*
Paul M. Laufman (0066667)
Gregory A. Napolitano (0068671)
LAUFMAN NAPOLITANO, LLC
4310 Hunt Road
Cincinnati, OH 45242
(513) 621-4556
(513) 621-5563 Fax

8

plaufman@LN-lawfirm.com
gnapolitano@LN-lawfirm.com
*Counsel for Plaintiff Anselm Caddell and the putative class*

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

/s/ *Paul M. Laufman*
Paul M. Laufman (0066667)