United States District Court
Southern District of Ohio
Western Division

| | |
|---|---|
| Anselm Caddell, | |
| *On behalf of himself and those similarly situated,* | Case No. 1:19-cv-091 |
| Plaintiff, | Senior District Judge Susan J. Dlott |
| v. | Magistrate Judge Karen Litkovitz |
| Joyce Campbell, | Jury Demand Endorsed Hereon |
| *Individually and in her official capacity as Presiding and Administrative Judge of the Fairfield Municipal Court,* | |
| and | |
| City of Fairfield, Ohio, | |
| and | |
| Richard Jones, | |
| *Individually and in his official capacity as Sheriff of Butler County, Ohio,* | |
| Defendants. | |

First Amended Class Action Complaint

Preliminary Statement

Joyce Campbell, individually and in her executive and administrative role as the Presiding and Administrative Judge of the Fairfield Municipal Court, employs policies or customs which fail to afford timely appearance before a judicial officer to certain individuals arrested in the City of Fairfield.  These individuals are transported to the Butler County Jail by officers of the City of Fairfield Police Department, Butler County Sheriff's Office, and occasionally others.  Defendant Richard Jones is the Sheriff of Butler County and operates the Butler County Jail.  It is the policy or custom of Defendant Jones to hold these individuals for more than 48 hours – sometimes for as long as 5 days – prior to their appearance before a judicial officer.  These individuals are detained without prompt determination of probable case by a neutral and detached magistrate, as well as denied timely access to counsel and bail.  Defendant City of Fairfield, knowing of these policies or customs, maintains policies or customs of its own to transport and detain individuals at the Butler County Jail.  Defendants' actions violate rights conferred by the United States Constitution.

Anselm Caddell was such an individual.  Mr. Caddell was arrested during the early morning hours of a Thursday and transported to the Butler County Jail where he was held until the following Tuesday without appearance before a judicial officer.  When Mr. Caddell was finally taken before Defendant Campbell, she ordered that he be released on his own recognizance.  This civil rights class action seeks damages and other appropriate relief on behalf of Mr. Caddell and members of the putative class. This action further seeks prospective relief in the form of an injunction compelling Defendants to refrain from violating federal Constitutional guarantees.

II.  Jurisdiction

1. This claim is brought pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction to hear this case per 28 U.S.C. §§ 1331, 1343 (3) and (4).

2. Venue in the United States District Court for the Southern District of Ohio, Western Division, is proper pursuant to 28 U.S.C. § 1391.

### III. Parties

3. Plaintiff Anselm Caddell ("Mr. Caddell") is a citizen of the State of Ohio, who, at all relevant times, resided within Butler County.

4. Defendant City of Fairfield ("Defendant Fairfield") is a municipal corporation organized under Ohio law and located in Butler County, Ohio. Defendant Fairfield operates the City of Fairfield Police Department ("FPD"), a police force empowered to arrest and detain individuals within the City of Fairfield. Defendant Fairfield is also the legislative authority for and operator of the Fairfield Municipal Court ("FMC") pursuant to O.R.C. § 1901.01(A) and 1901.03(B).

5. Defendant Joyce Campbell ("Defendant Campbell") is the sole judicial officer and presiding judge of the FMC. Defendant Campbell is the policymaker for the FMC. Defendant Campbell is sued in her individual capacity for purposes of damages, and in her official capacity for purposes of prospective relief.

6. Defendant Richard Jones ("Defendant Jones") is the duly elected Sheriff of Butler County, Ohio. Sheriff Jones is the policymaker for the Butler County Sheriff's Office ("BCSO"), an arm of the Butler County government. Defendant Jones operates the Butler County Jail and a patrol division empowered to arrest and detain individuals throughout Butler County, including within the City of Fairfield. Sheriff Jones is sued in his individual and official capacities.

IV. Facts

Allegations Common to Mr. Caddell and the Putative Class

7. Warrantless arrests are made within the City of Fairfield by officers of the BCSO, FPD, and occasionally others.

8. Individuals who are subjected to warrantless arrest and who are physically detained are transported to the Butler County Jail and held by Defendants Fairfield and Jones pending appearance before Defendant Campbell.

9. Defendant Fairfield operates the FMC pursuant to O.R.C. § 1901.01(A).

10. The FMC is a municipal court of limited subject matter jurisdiction over, *inter alia*, criminal violations alleged to have occurred within the territorial borders of the City of Fairfield.

11. Defendant Campbell is the sole judicial officer of the FMC. As such, Defendant Campbell serves as both the presiding and administrative judge pursuant to O.R.C. § 1901.09(A). As the FMC's executive, Defendant Campbell is responsible for the general supervision of the business of the court, and she exercises control over the administration, docket, and calendar of the court pursuant to O.R.C. § 1901.15 and Rule 4.01(A) of the Rules of Superintendence for the Courts of Ohio.

12. The Constitution of the United States requires that individuals taken into custody by law enforcement receive a prompt appearance before a judicial officer. Ordinarily courts are required to provide for this initial appearance within 48 hours of arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

13. Defendant Campbell conducts an arrestee's initial appearance before the court at a combined pretrial proceeding referred to as an arraignment, a hearing that includes determination of probable cause, the setting of bond, and the appointment of counsel for those who qualify.

4

14. Defendant Campbell in her individual capacity fails to conduct arraignments such that some detained individuals are held in custody for more than 48 hours – sometimes for as long as 5 days – prior to their appearance before her, in violation of their clearly established rights. Defendant Campbell routinely fails to convene court on days when she knows individuals are being held at the Butler County Jail in excess of 48 hours, in violation of their constitutional rights.

15. Defendant Campbell is also a policymaker, and it is therefore the policy or custom of Defendant Fairfield to hold individuals in custody in violation of law as described above.

16. It is the policy or custom of Defendant Jones, in his official capacity as the policymaker for the Butler County Sheriff's Office, to hold individuals subject to a warrantless arrest in the Butler County Jail for more than 48 hours prior to their appearance before a judicial officer.

17. It is the policy or custom of Defendant Jones, in his official capacity as the policymaker for the Butler County Sheriff's Office, to fail to release from his custody those individuals who were subject to a warrantless arrest and who have been detained for more than 48 hours without appearance before a judicial officer.

18. Defendant Fairfield operates the FPD, a police force empowered to arrest and detain individuals within the City of Fairfield. Defendant Fairfield does not operate a jail, instead, Defendant Fairfield detains those individuals arrested by the FPD in the Butler County Jail.

19. Defendant Jones operates the patrol division of the BCSO, a police force empowered to arrest and detain individuals throughout Butler County, including within the City of Fairfield. Officers of the BCSO detain those individuals arrested within the City of Fairfield in the Butler County Jail.

20. Defendants Jones, Fairfield, and Campbell were aware, or should have been aware, of the constitutional mandate that these individuals be provided an appearance before a judicial officer within 48 hours of arrest or that they be released from detention.

21. Defendants Fairfield and Jones employ policies or customs whereby the officers of their respective police forces transport certain individuals arrested without a warrant to the Butler County Jail. These Defendants know, or reasonably should know, that many of these individuals will be detained in excess of 48 hours without appearance before a judicial officer.

22. The actions, policies, or customs of Defendants Jones, Fairfield, and Campbell deny to these certain individuals held for more than 48 hours, clearly established rights conferred by the United States Constitution including the prompt determination of probable cause by a neutral and detached magistrate and timely access to counsel and bail.

23. The actions, policies, or customs of Defendants Jones, Fairfield, and Campbell, as described above, proximately caused injury to the Plaintiff and the putative class members, as discussed herein.

<u>Allegations Specific to Mr. Caddell</u>

24. Mr. Caddell is an honorably-discharged combat veteran of the United States Marine Corps who now lives and works in Butler County, Ohio.

25. Mr. Caddell was travelling on Nilles Road in the City of Fairfield during the early morning hours of Thursday, February 23, 2017.

26. Mr. Caddell was stopped by an Ohio State Highway Patrol Trooper for an alleged traffic violation. Mr. Caddell has a duly issued license to carry concealed weapons and had firearms in the trunk of his vehicle when he was stopped.

6

27. Officers of the FPD responded to, and participated in, Mr. Caddell's warrantless arrest and detention.

28. Mr. Caddell, pursuant to the policies and customs of Defendant Fairfield, was transported to the Butler County Jail to be detained pending his appearance before Defendant Campbell, an appearance which would not occur until the following Tuesday.

29. Mr. Caddell was detained by Defendant Jones in the Butler County Jail without bond or appearance before a judicial officer until Tuesday, February 28, 2017, when he was finally transported to the FMC for arraignment before Defendant Campbell.

30. During the five days Mr. Caddell was detained in the Butler County Jail by Defendant Jones, no determination of probable cause was made by an independent magistrate, no counsel was appointed, and no bond was set.

31. When Mr. Caddell finally appeared before Defendant Campbell, she ordered that he be released from custody on his own recognizance. All charges against Mr. Caddell were ultimately ignored by the Butler County Grand Jury or withdrawn by the prosecution.

32. Mr. Caddell's five-day detention without appearance before a judicial officer resulted in a deprivation of his Constitutional rights guaranteed under the Fourth, Sixth, Eighth, and Fourteenth Amendments.

33. The actions, policies, or customs of Defendants Jones, Fairfield, and Campbell deprived Mr. Caddell of his clearly established rights conferred by the United States Constitution including the prompt determination of probable cause by a neutral and detached magistrate and timely access to counsel and bail.

34. Defendant Campbell, in her individual capacity, directly and proximately caused the constitutional deprivations suffered by Mr. Caddell by her deliberate indifference to his constitutional rights, as set forth above.

35. The actions, policies, or customs of Defendants Jones, Fairfield and Campbell proximately caused injury to Mr. Caddell, including, without limitation, loss of liberty, suffering of body and mind, and emotional distress.

Allegations in Support of Class Certification

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons defined as those individuals subject to a warrantless arrest and detained for more than 48 hours without appearance before a judicial officer pursuant to the policies or customs of the Defendants during the two years prior to the filing of the Class Action Complaint (Doc. 1) and the date of final judgment in this matter ("the Class").

37. The names and addresses of the members of the Class are ascertainable from Defendants' records and are estimated to number 70 or more individuals at present. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

38. The Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

39. Plaintiff's claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each class member in separate actions.

40. Plaintiff and the Class members were all subject to the same actions, policies, or customs of the Defendants, which resulted in their being detained for more than 48 hours without appearance before a judicial officer.

41. Plaintiff and the Class members have all sustained similar losses, injuries, and damages as a result of the Defendants' actions, policies, or customs described above.

42. Plaintiff can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. In recognition of the services Plaintiff has rendered and will continue to render to the Class, Plaintiff will request payment of a service award upon resolution of this action.

43. Plaintiff is represented by attorneys who are experienced and competent in federal civil rights litigation.

44. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

45. Questions of law or fact common to the Class members include: (a) whether individual members were unconstitutionally detained beyond 48 hours without appearance before a judicial officer, (b) whether this detention was pursuant to the Defendants' actions, policies, or customs described above, and (c) the nature and extent of classwide injury and the measure of damages for those injuries. These common questions of law or fact predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of civil rights litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against governmental defendants.

47. The issues in this action can be decided by means of common, classwide proof.

48. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense of numerous individual actions.

49. Important public interests will be served by addressing this matter as a class action.

50. The adjudication of individual litigation claims would result in a great expenditure of court and public resources. Treating the claims as a class action would result in significant saving of these costs.

51. At all relevant times, Plaintiff and the Class have been similarly situated and have all been subject to Defendants' actions, policies, or customs of detaining individuals subject to warrantless arrest for more than 48 hours without appearance before a judicial officer.

52. Defendants were aware, or should have been aware, of the constitutional mandate that Mr. Caddell and all members of the Class be provided an appearance before a judicial officer within 48 hours of arrest or that they be released from detention.

53. Defendants' conduct represents a widespread, repeated, consistent, and ongoing violation.

## V. Cause of Action - 42 U.S.C. § 1983

54. Plaintiff and the Class hereby incorporate by reference all the statements and allegations previously made and contained in this First Amended Complaint, as if the same were fully rewritten herein at length, and further state as follows:

55. Defendants, acting under the color of state law, deprived Mr. Caddell and the Class of their clearly established rights, privileges, and immunities, as secured by the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

56. As a result of the Defendants' actions, Mr. Caddell and the Class suffered damages including, without limitation, loss of liberty, suffering of body and mind, and emotional distress.

57. The Defendants' directly and proximately caused the foregoing damages suffered by Mr. Caddell and the Class.

58. The Defendants' ongoing violations of federally guaranteed constitutional rights will continue in the absence of prospective relief compelling Defendants to refrain from violating federal constitutional guarantees.

### Prayer for Relief

WHEREFORE, Anselm Caddell prays that this Court:

1. Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Designate Plaintiff as representative of the Rule 23 Class and grant to him payment of a service award upon resolution of this action;

3. Designate counsel of record as Class Counsel;

4. Declare the policies and customs of the Defendants to be unconstitutional;

5. Issue an Order compelling Defendants to refrain from violating federal constitutional guarantees;

6. Award damages in an amount to be shown at trial;

7. Award reasonable attorney's fees, costs, and disbursements pursuant to 42 USC § 1988 and Federal Rule of Civil Procedure 23(h); and

8. Grant such additional relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ *Paul M. Laufman*
        Paul M. Laufman (0066667)
        Gregory A. Napolitano (0068671)
        LAUFMAN NAPOLITANO, LLC
        4310 Hunt Road
        Cincinnati, OH  45242
        (513) 621-4556
        (513) 621-5563 Fax
        plaufman@LN-lawfirm.com
        gnapolitano@LN-lawfirm.com
        *Counsel for Plaintiff Anselm Caddell and the putative class*

## Jury Demand

Plaintiff hereby demands a jury trial on all issues so triable.

        /s/ *Paul M. Laufman*
        Paul M. Laufman (0066667)

## Certificate of Service

I hereby certify that a copy of the foregoing pleading was electronically filed on the 18th day of February 2019.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

        /s/ *Paul M. Laufman*
        Paul M. Laufman