IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANSELM CADDELL, | : | CASE NO. 1:19-cv-00091 |
| | : | |
| Plaintiff | : | JUDGE SUSAN J. DLOTT |
| | : | MAG. JUDGE STEPHANIE BOWMAN |
| v. | : | |
| | : | |
| JOYCE A. CAMPBELL, et al., | : | **HON. JOYCE A. CAMPBELL'S** |
| | : | **MOTION TO DISMISS PLAINTIFF'S** |
| Defendants | : | **AMENDED COMPLAINT** |

Defendant, the Honorable Judge Joyce Campbell (in her individual and official capacities) moves for all claims against her to be dismissed with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A memorandum in support is attached.

Respectfully submitted,

*/s/ LISA M. ZARING*
LISA M. ZARING (0080659)
ANTHONY P. MCNAMARA (0093670)
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 241-4722
Fax: (513) 768-9242
lzaring@mojolaw.com
amcnamara@mojolaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANSELM CADDELL, | : | CASE NO. 1:19-cv-00091 |
| Plaintiff | : | JUDGE SUSAN J. DLOTT |
| | : | MAG. JUDGE STEPHANIE BOWMAN |
| v. | : | |
| | : | **HON. JOYCE A. CAMPBELL'S** |
| JOYCE A. CAMPBELL, et al., | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **MOTION TO DISMISS PLAINTIFF'S** |
| Defendants | : | **AMENDED COMPLAINT** |

## **Summary of Claims**

Anselm Caddell brings this action against three defendants: the Honorable Joyce Campbell, judge of the Fairfield Municipal Court; the City of Fairfield; and Butler County, Ohio Sheriff Richard Jones. Mr. Caddell's claims stem from his allegedly unlawful detention at the Butler County Jail. He alleges he was held in the Butler County Jail for more than 48 hours after his warrantless arrest, without being brought before a neutral magistrate for a determination of probable cause. Mr. Caddell seeks to proceed with this action as a class action on behalf of himself and others he alleges were unlawfully detained at the Butler County Jail under similar circumstances.

Mr. Caddell's claims against Judge Campbell fail for several reasons: First, the *Rooker-Feldman* doctrine precludes this Court from reviewing the claims against her. Second, as to Mr. Caddell's claims against Judge Campbell for her role in his underlying criminal case, Judge Campbell is entitled to absolute judicial immunity and Mr. Caddell's §1983 claim against the Judge fails as a matter of law. Finally, as to Mr. Caddell's claims against Judge Campbell for her alleged policymaking role, Judge Campbell is entitled to qualified and sovereign immunity.

2

**Factual Allegations**

Plaintiff's Amended Complaint alleges the following facts, which the Court must consider as true solely for purposes of this motion:

On February 23, 2017, an Ohio State Highway Patrol officer stopped Plaintiff Anselm Caddell for an alleged traffic violation. (Doc. #6, PAGEID #21). Fairfield Police Department officers also responded to the scene. *Id.* at PAGEID #22. Mr. Caddell was arrested without a warrant and transported to Butler County Jail to be detained pending his appearance before Judge Campbell. *Id.* Mr. Caddell was detained "by Defendant Jones in the Butler County Jail without bond or appearance before a judicial officer until Tuesday, February 28, 2017, when he was finally transported to the [Fairfield Municipal Court] for arraignment before [Judge] Campbell." *Id.* At that time, Judge Campbell ordered his release from custody on his own recognizance. *Id.*

As to Judge Campbell, Mr. Caddell alleges Judge Campbell is the presiding judge of the Fairfield Municipal Court ("FMC") and is the policy maker for the FMC. He claims Judge Campbell "employs policies or customs which fail to afford timely appearance before a judicial officer to certain individuals arrested in the City of Fairfield." *Id.* at PAGEID #17. He alleges that Judge Campbell holds combined pretrial proceedings that include arraignment, a determination of probable cause, the setting of bond, and the appointment of counsel for those who qualify. *Id.* at PAGEID #19. Mr. Caddell claims Judge Campbell fails to conduct arraignment hearings such that some detained individuals are held in custody for more than 48 hours, and he specifically complains of his own detention of 5 days beyond his warrantless arrest. *Id.* at PAGEID #20. Ultimately, Mr. Caddell claims his "five-day detention without appearance before a judicial officer resulted in a deprivation of his Constitutional rights guaranteed under the Fourth, Sixth,

Eighth, and Fourteenth Amendments." *Id.* at 22. He seeks monetary, injunctive and declaratory relief against Judge Campbell and the other defendants under 42 U.S.C. § 1983. *Id.* at 25-26. Mr. Caddell alleges he is suing Judge Campbell "in her individual capacity for purposes of damages, and in her official capacity for purposes of prospective relief." Doc. #6, PAGEID #18.

**Analysis**

**I. This Court lacks jurisdiction under *Rooker-Feldman* to hear the pending case; therefore, Mr. Caddell's claims against Judge Campbell must be dismissed.**

Mr. Caddell asks this federal Court to review Judge Campbell's underlying judicial decisions to determine whether they were constitutionally proper. This is an improper invocation of federal jurisdiction, and his complaint must therefore be dismissed. *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973).

Under 28 U.S.C. § 1257, judgments of state courts are entitled to receive full faith and credit from this Court; the subordinate federal courts do not have jurisdiction to review them. Rather, review of such determinations can be obtained only in the U.S. Supreme Court by writ of *certiorari*. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983), *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Put another way:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the district court is in essence being called on to review the state-court decision. This the district court may not do.

*Feldman,* 460 U.S. at 483-84 n. 6). The *Rooker-Feldman* doctrine states that district courts likewise lack subject-matter jurisdiction over challenges, such as Mr. Caddell's,

4

which challenge the constitutionality of judicial acts in the state courts. *See also Catz v. Chalker,* 142 F.3d 279, 293-295 (6th Cir. 1998); *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 509-510 (6th Cir. 2000.) Under this doctrine, this Court lacks jurisdiction to review or pass judgment on the propriety of Judge Campbell's decisions and actions in Mr. Caddell's underlying case.

**II. Mr. Caddell's claim against Judge Campbell based on her role as the presiding judge over his underlying criminal case must be dismissed.**

Even if the *Rooker-Feldman* doctrine did not preclude this Court's review of Mr. Caddell's case, dismissal is still appropriate.

Mr. Caddell's claim against Judge Campbell and the harm he purportedly suffered relate solely to Judge Campbell's handling of Mr. Caddell's individual criminal case. Mr. Caddell alleges, in short, that he was arrested, detained at the Butler County Jail for approximately five days, and then brought before Judge Campbell for an arraignment and hearing on probable cause. *Id*. at PAGEID #22. He claims his "five-day detention without appearance before a judicial officer resulted in a deprivation of his Constitutional rights guaranteed under the Fourth, Sixth, Eighth and Fourteenth Amendments." *Id*. In other words, Mr. Caddell argues his first appearance before Judge Campbell, held 5 days after his arrest, should have been held sooner.

In making such claims against Judge Campbell, Mr. Caddell is challenging Judge Campbell's conduct as the judge presiding over his specific case. Whether focused on a specific action (or inaction) taken by Judge Campbell, or the policy reason behind that action or inaction, Mr. Caddell is complaining about the Judge's conduct *in his case*. Such claims are futile and must be dismissed, as set forth below:

5

### A. Mr. Caddell's claim fails because Judge Campbell is shielded by the doctrine of judicial immunity.

The doctrine of absolute judicial immunity has been applied to claims against judges since the 1800s. The concept of immunity established by the Supreme Court was that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequence to himself." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1872).

In 1978, the Supreme Court issued the seminal case on judicial immunity, *Stump v. Sparkman*, 435 U.S. 349 (1978). In that case, the court recognized that judges are immune from money damages in connection with "judicial acts," unless there is a "clear absence of all jurisdiction." *Stump*, 435 U.S. at 362. The court set the standard for absolute judicial immunity, holding that it may only be overcome in two situations:

- If the judge was acting in the complete absence of all jurisdiction; or
- If the judge's actions were non-judicial.

*Id.* Applying this standard to the case at hand, Judge Campbell is clearly immune from suit.

The requisite jurisdiction discussed in the judicial immunity cases is not something held by the judge, but by the court he or she represents: Only if the matter upon which the judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction. *King v. Love* (6th Cir, 1985), 766 F.2d 962, 965. *See also Barnes,* 105 F.3d. 1111, 1122 ("Where a **court** has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.")(emphasis added). For example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of

jurisdiction, whereas a probate court judge would not be immune for trying a criminal case, an act for which the probate judge clearly lacked all subject matter jurisdiction. *Stump,* 435 U.S. at 357, n. 7; *see also Depiero v. City of Macedonia* (6th Cir. 1999), 180 F.3d 770).

The FMC has specific statutory jurisdiction over "the violation of any misdemeanor committed within the limits of its territory." Ohio R.C. 1901.20(A). "In any action or proceeding of which a municipal court has jurisdiction," a municipal court judge is further authorized "to exercise any other powers that are necessary to give effect to the jurisdiction of the court." *Id.* In *Stump,* 435 U.S. at 356-57, the United States Supreme Court held a judge is subject to liability only if he or she acted in the clear absence of all jurisdiction. Judge Campbell had at least some jurisdiction over Mr. Caddell's case—she did not act in the clear absence of all jurisdiction—so Mr. Caddell cannot overcome her judicial immunity on jurisdiction grounds.

Moreover, Judge Campbell's actions, or inactions as they may be viewed here, were judicial acts. In *Barnes,* 105 F.3d 1111, the Sixth Circuit, following Supreme Court precedent, reaffirmed that the question is whether the challenged conduct relates to a function normally performed by a judge. *Id.* at 1119. Judge Campbell's actions were quintessentially judicial in nature; the decision to hold a hearing or not hold a hearing within a given amount of time in a given case is a judicial act. See, e.g., *S.L. v. Peirce Twp. Bd. of Trs.*, 2009 U.S. Dist. LEXIS 31367, *13, 2009 WL 818436 ("[T]he Court finds that Judge Wyler is entitled to judicial immunity for her actions that are deemed judicial in nature, specifically, the December 5, 2006 hearing and the alleged delay in not setting the December 11, 2006 hearing within 72 hours of the filing of the motions.")

7

Consequently, Mr. Caddell cannot overcome Judge Campbell's immunity based on the nature of her acts, and Mr. Caddell's claims against her for monetary relief stemming from his underlying case fail.

**B. Mr. Caddell's §1983 claim against Judge Campbell based on her conduct as presiding judge fails as a matter of law.**

In addition to being shielded by absolute immunity, Judge Campbell's alleged acts fail to state a substantive claim from which Mr. Caddell could obtain relief. To recover under § 1983, Mr. Caddell must plead and prove two essential elements: that he was denied a right secured by the Constitution or the laws of the United States, and that the deprivation was permitted by one acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981); *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1244 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990), *quoting West v. Atkins,* 487 U.S. 42, 48 (1988). As these and other cases make abundantly clear, Mr. Caddell must have been actually deprived of a *federally* protected right. A § 1983 action does not cover official conduct that violates only state law. *Baker v. McCollan,* 443 U.S. 137, 146 (1979); *Paul v. Davis,* 424 U.S. 693, 697, *rehearing denied,* 425 U.S. 985 (1976). Section 1983 does not even cover state constitutional violations. *Smith v. Sullivan,* 611 F.2d 1039, 1045 (5th Cir. 1980); *Schieb v. Humane Soc. of Huron Valley,* 582 F. Supp. 717, 725 (E.D. Mich. 1984).

Mr. Caddell alleges, essentially, that Judge Campbell acted incorrectly while presiding over his underlying state court proceeding; this does not constitute a cognizable deprivation of a federal right. As the Sixth Circuit has explained:

> An incorrect decision by the Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal. It is only the claim that Ohio's procedures do not allow a vindication of plaintiffs' rights that states a cognizable due process violation.

8

*Agg v. Flanagan,* 855 F.2d 336, 339 (6th Cir. 1988).

Furthermore, courts have repeatedly held that if a plaintiff alleges a violation of a procedural due process right, involving either a liberty or property interest, for which there is an adequate state remedy, then the § 1983 action may not be brought in the federal courts; the plaintiff must resort to the applicable state remedies. *Haag v. Cuyahoga County,* 619 F. Supp. 262, 278 (D. Ohio 1985); *see also, Vicory v. Walton,* 721 F.2d 1062 (6th Cir. 1983), *rehearing en banc denied,* 730 F.2d 466 (6th Cir. 1984); *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Ingraham v. Wright,* 430 U.S. 651, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977); *Eaton v. Solon,* 598 F. Supp. 1505 (N.D. Oh. 1984). To the extent Mr. Caddell is asking this court to redress errors in the state court, such as a failure to properly conduct a probable cause hearing, appeal is the proper remedy. *State ex rel. Reid v. Cleveland Mun. Court,* 2000 Ohio App. LEXIS 4532, 4-5 (Ohio Ct. App. 2000).

Mr. Caddell's complaint does not state sufficient facts to support his claimed deprivation of federal rights. Therefore, his complaint must be dismissed for failure to state a claim upon which relief can be granted.

### III. Mr. Caddell's claim against Judge Campbell based on her alleged policymaking role must be dismissed.

In addition to challenging her judicial acts, Mr. Caddell alleges Judge Campbell is liable because, as the Presiding and Administrative Judge of the Fairfield Municipal Court, she "employs policies or customs which fail to afford timely appearance before a judicial officer to certain individuals arrested in the City of Fairfield." (Doc. 6, PAGEID #17). In his case, he alleges it was this policy or custom that caused a delay in his arraignment. Again, this is more appropriately reviewed as a claim against her as the

9

presiding judge of his case, not as a policymaker, because the conduct occurred in and was related to his specific case. However, even if such conduct were reviewed as a claim against her for her policymaking role, such claims are still subject to dismissal.

### A. Judge Campbell has qualified immunity from claims pled against her in her individual capacity, arising out of her administrative functions.

Judge Campbell not only has absolute immunity for individual capacity claims relating to her judicial functions, but she also has qualified immunity for all non-judicial (*i.e.,* administrative) action or inaction that results in individual capacity claims being raised against her. *See, e.g., Cagle v. Gilley,* 957 F.2d 1347, 1348 (6th Cir. 1992). A judge performing a discretionary, administrative function is entitled to qualified immunity from suit for civil damages unless his or her actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Forrester v. White,* 484 U.S. 219 (1988). Therefore, for Mr. Caddell to overcome Judge Campbell's qualified immunity, he has the burden to establish she violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Marsilio v. Vigluicci,* 2013 U.S. Dist. LEXIS 20020, *34-35 (*citing Conn v. Gabbert,* 526 U.S. 286, 290 (1999)).

For a law to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). The *Anderson* Court emphasized that the unlawfulness must be **apparent,** in light of preexisting law. *Id.* If, for example, other office-holders of reasonable competence (in this case, Ohio municipal court judges) could disagree on the issue, then immunity applies. *Malley,* 475 U.S. at 341. Or, if the law was simply unclear, then the office holder is entitled to qualified immunity. *Harlow,* 457 U.S.

at 818. A right is not considered "clearly established" unless it has been authoritatively decided by the United States Supreme Court, the Sixth Circuit Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred. *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988). When a defendant raises a qualified immunity defense, the burden is on the plaintiff to prove qualified immunity does not shield that defendant. *Id.* at 35*, citing Silberstein v. City of Dayton,* 440 F.3d 306, 311 (6th Cir. 2006).

Citing *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), Mr. Caddell claims the Constitution of the United States requires that individuals taken into custody by law enforcement receive a prompt appearance before a judicial officer. He further alleges courts are required to provide for this initial appearance within 48 hours of arrest, again citing *Riverside*. See Doc. 6, PAGEID #19.

In asserting this claim against Judge Campbell, Mr. Caddell's reliance on the constitutional discussion from *Riverside* is misplaced. While the Supreme Court has held the Fourth Amendment requires that an individual arrested without probable cause "may not be detained for over 48 hours without a neutral magistrate's review of that probable cause determination," see *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Riverside*, 500 U.S. at 56, the constitutional requirements in *Riverside* and its predecessor, *Gerstein*, are placed upon the officials arresting and (once delivered to detaining authorities) detaining the arrested individual, not on local judicial officials. As the Supreme Court recognized in *Riverside:*

> In **requiring that persons arrested without a warrant "promptly" be brought before a neutral magistrate for such a determination**, *Gerstein* struck a balance between the rights of individuals and the realities of law enforcement. *Gerstein* makes clear that the Constitution does not impose on individual jurisdictions a rigid procedural framework for making

11

the required determination, but allows them to choose to comply in different ways.

*Riverside*, Syllabus, citations omitted (emphasis added).

In *Cherrington v. Skeeter*, the Sixth Circuit analyzed a claim related to an excessive detention following a warrantless arrest and recognized that "before a defendant may be held liable under section 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights." *Cherrington v. Skeeter*, 344 F.3d 631, 644-645 (6th Cir. 2003) (citing *Christian v. Belcher*, 888 F.2d 410, 414 (6th Cir. 1989)). The Court further recognized courts "must look to state law to determine who is responsible for ensuring that a judicial determination of probable cause is made within 48 hours after an arrest." *Id*. Applying Ohio law, the Court noted that, "where an arrest is made without a warrant, it generally falls to the 'arresting officer' to 'bring the arrested person without unnecessary delay before a court having jurisdiction of the offense.'" *Id*. (quoting Ohio Crim. R. 4(E)(2)).

Other courts have likewise recognized that once a person arrested without a warrant is delivered to a detention facility, the requirement to bring that person before a magistrate for a probable cause determination clearly falls to detaining officials.[1] Under

---

[1] See City of Fairfield Memorandum in Support of Motion to Dismiss, Doc. 9-1, PAGEID #35-36; see also, e.g., *Lingenfelter v. Bd. of Cty. Commrs.*, 359 F.Supp.2d 1163, 1170-1171 (D.Kan.2005)("Sheriff Rovenstine contends that he has no duty to ensure that detainees arrested without a warrant receive a probable cause hearing or gain release. Sheriff Rovenstine believes that someone else, perhaps the arresting officer or the prosecutor, is responsible for the period of confinement between a warrantless arrest and a judicial determination of probable cause. We find unconvincing the sheriff's attempt to shrug off his federal constitutional responsibilities toward detainees confined in the Kosciusko County Jail who have not yet had a probable cause hearing."); *Bickel v. Sheriff of Whitley County*, 2010 U.S. Dist. LEXIS 29161, *24-26 (rejecting the sheriff's argument that the plaintiff's failure to be brought to court within 48 hours of his warrantless arrest was caused by the fact there was no available court to go to in that time period: "Here, the relevant entity is the Sheriff's Department. The relevant constitutional right is the Fourth Amendment's protection against unreasonable seizures, specifically, the right not to be detained for not more than forty-eight hours after being arrested without a warrant unless a judicial officer has determined that probable cause existed to believe that the person committed a crime."); *Chortek v. City of Milwaukee*, 356 F.3d 740 (7th Cir. 2004) (framing *Gerstein* issue as an "excessive length of detention" claim).

Ohio law, Judge Campbell does not have charge over the Butler County Jail (see R.C. 341.01) and was not detaining Mr. Caddell. See R.C. 341.01; see also Amended Complaint, Doc. 6., ¶25 (alleging Mr. Caddell was "detained by Defendant Jones in the Butler County Jail."). Accordingly it does not fall to her to determine when a detainee needs to be brought before a neutral magistrate for a probable cause determination, nor would other office-holders of reasonable competence believe it does.

Accordingly, Mr. Caddell cannot establish that at the time he was held at the Butler County Jail, it was clearly established and reasonably understood that Judge Campbell—who has no oversight or policymaking control over the arresting officers, detaining officers, or the Butler County Jail—had a legal obligation to ensure that Mr. Caddell was brought before a neutral magistrate within 48 hours of his arrest. Accordingly, Judge Campbell is qualifiedly immune from Mr. Caddell's claim that she is liable in her administrative capacity.

**B. Judge Campbell has sovereign immunity for Mr. Caddell's official capacity claim pled against her.**

In the amended complaint, Mr. Caddell states he is suing Judge Campbell "in her individual capacity for purposes of damages, and in her official capacity for purposes of prospective relief." Doc. 6., PAGEID #18, at ¶5. For the above reasons, Mr. Caddell's claim for damages is futile.

As to Mr. Caddell's claim for prospective relief, asserted against Judge Campbell in her official capacity, this claim is likewise futile.

In addition to judges being entitled to absolute judicial immunity and qualified immunity, they are entitled to sovereign immunity for all claims pled against them in their official capacities. Ohio Common Pleas Courts, and the judges of Common Pleas Courts

13

sued in their official capacities, are political subdivisions of the state entitled to sovereign immunity. *Triplett v. Connor,* 109 Fed Appx. 94, *8 (6th Cir. 2004); *Oswald v. Lucas County Juvenile Detention Center,* 1999 U.S. Dist. LEXIS 8435, *10 (N.D. Ohio 1999); *Howard v. Supreme Court,* 2007 U.S. Dist. LEXIS 79354 (S.D. Ohio 2007), *adopted by* 2008 U.S. Dist. LEXIS 6437; *Cent. Ohio Alt. Prog. v. Ballinger,* 2007 U.S. Dist. LEXIS 19551, *10-11 (N.D. Ohio 2007); *S.L. Peirce Twp. Bd. Of Trs.* 2009 U.S. Dist. LEXIS 31367, fn. 7 (S.D. Ohio)("If Plaintiffs intended to sue Judge Wyler in her official capacity as a Common Pleas Court Judge, she would be entitled to Eleventh Amendment immunity.")

Further, judges sued in their official capacities are arms of the State who are not subject to suit under 42 U.S.C. § 1983. *Alkire v. Irving,* 330 F.3d 802, 812 (6th Cir. 2003); *Foster v. Walsh,* 864 F.2d 416, 418-19 (6th Cir. 1988); *Jones v. Perrysburg Municipal Court,* 2006 U.S. Dist. LEXIS 44354, *5 (N.D Ohio); *Oswald,* 1999 U.S. Dist. LEXIS 8435, at * 11-12. Accordingly, Mr. Caddell's claim for prospective relief against Judge Campbell in her official capacity must be dismissed.

**Conclusions**

For the foregoing reasons, Mr. Caddell's individual claims against Judge Campbell must be dismissed, and because his individual claims are futile, his class action claims are likewise futile.

Respectfully submitted,
*/s/ LISA M. ZARING*
LISA M. ZARING (0080659)
ANTHONY P. MCNAMARA (0093670)
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 241-4722
Fax: (513) 768-9242
lzaring@mojolaw.com
amcnamara@mojolaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed using the Court's EF/CMF system, which shall serve a copy on all counsel of record, this 19th day of April, 2019.

                                      */s/ LISA M. ZARING*
                                      LISA M. ZARING (0080659)