# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ANSELM CADDELL, | : | |
| Plaintiff, | : | Case No. 1:19-cv-091 |
| vs. | : | Senior District Judge Susan J. Dlott |
| JOYCE CAMPBELL, et al., | : | Magistrate Judge Stephanie Bowman |
| Defendants. | : | |

## DEFENDANT BUTLER COUNTY SHERIFF RICHARD JONES' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Butler County Sheriff Richard Jones ("Defendant" or "Sheriff Jones") moves this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for the following reasons:

1. Assuming the facts in the Amended Complaint are true, the Sheriff did not violate Plaintiff's Fourth Amendment rights under the case of *County of Riverside v. McLaughlin*, 500 U.S. 44, 444 S. Ct. 1661, 114 L. Ed. 2d (1991). Ohio and federal law impose the duty to ensure that an individual arrested without a warrant receives a probable cause determination upon the arresting officer, not the detention facility physically holding the arrestee.

2. Assuming the facts in the Amended Complaint are true, the Sheriff did not violate Plaintiff's Fourth Amendment rights under Riverside, as the Sheriff was legally prohibited from unilaterally releasing Plaintiff, even after 48 hours had passed, without the arresting officer securing a probable cause determination from Fairfield Municipal Court.

3. Plaintiff has not pleaded facts establishing that the alleged constitutional violation was caused by an official policy, custom or practice of the Butler County Sheriff.

4. Sheriff Jones is entitled to qualified immunity from Plaintiff's claims against him in his individual capacity, as 1) it is not alleged that Sheriff Jones had any personal knowledge or involvement with the circumstances of the detention of Plaintiff, and 2) it is not clearly established law in this Circuit that it is the jailer who violates the Fourth Amendment rights of a person subject to a warrantless arrest by holding the person longer than 48 hours, where

neither the arresting officer nor the court with jurisdiction makes a probable cause determination, or is available to make a probable cause determination.

Based on the above, Defendant Sheriff Richard Jones respectfully requests that this Court grant judgment on the pleadings in his favor and dismiss the claims asserted against him by Plaintiff herein.

A Memorandum in Support is attached.

Respectfully submitted,

/s/ *Aaron M. Glasgow*
J. Stephen Teetor    (0023355)
E-mail: jteetor@isaacwiles.com
Aaron M. Glasgow    (0075466)
E-mail: aglasgow@isaacwiles.com
ISAAC WILES BURKHOLDER & TEETOR, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
(614) 221-2121
Fax (614) 365-9516
*Attorneys for Defendant*
*Butler County Sheriff Richard Jones*

## MEMORANDUM IN SUPPORT

Plaintiff Anselm Caddell was stopped by an Ohio State Highway Patrol Trooper on February 23, 2017 inside the City of Fairfield. (Amended Complaint, ECF No. 6, at ¶¶ 25-26). He was subsequently arrested by either the Trooper or an Officer with the City of Fairfield Police Department. (Amended Complaint, ECF No. 6, at ¶ 27). Plaintiff was transferred to the Butler County Jail following his arrest. (Amended Complaint, ECF No. 6, at ¶ 29). Plaintiff was held at the Butler County Jail until February 28, 2017, which was the first day after the arrest in which the Fairfield Municipal Court ("FMC") convened such that the Court could review probable cause for the arrest. (Amended Complaint, ECF No. 6, at ¶ 29). When the FMC convened on February 28,

2

2017, Plaintiff was transported to the City of Fairfield, arraigned by that court and was released on his own recognizance. (Amended Complaint, ECF No. 6, at ¶ 30).  The FMC has a single presiding judge, and that judge has sole control over the administration, docket and calendar of the FMC. (Amended Complaint, ECF No. 6, at ¶ 11).  The Sheriff has no control over the operation of the FMC, including when the FMC will hold hearings for individuals held in the Butler County Jail.  That is, the Sheriff cannot dictate to the FMC when it will be available to make decisions regarding persons held at the jail.  See R.C. § 1901.15 ("[T]he presiding municipal judge has the general supervision of the business of the court.").

The sole allegation against Sheriff Jones is that Mr. Caddell remained in the Butler County Jail after his arrest by OSHP and/or FPD until the next available time in which the FMC was open to conduct a hearing in his case.  This allegation is insufficient to support Plaintiff's § 1983 claim against Sheriff Jones.  As set forth below, the obligation to ensure that an arrestee receives a timely judicial determination of probable cause rests with the arresting officer and is dependent upon the Court upon whose authority the arrestee has been held.  In this case, Mr. Caddell was arrested and committed to the Butler County Jail by the authority of OSHP and/or FPD.  And Mr. Caddell remained in the Butler County Jail under that authority until such time that the FMC convened to review Mr. Caddell's case.

In this situation, the Butler County Jail was no more or less than the physical location in which Mr. Caddell was placed pending some action that needed to be taken by either the arresting officer(s) or the court for the jurisdiction in which he was charged.  The jail itself controls none of the circumstances which led to the Plaintiff being held for more than 48 hours without a probable cause determination.  Neither the law in this Circuit nor Ohio law compels a jailer to either obtain a probable cause determination within 48 hours of arrest or unilaterally release arrestees,

particularly where neither the arresting officer nor the court with jurisdiction over the charges against the arrestee have arranged for a probable cause hearing. As such, Plaintiff has not stated a claim for a violation of his constitutional rights by Sheriff Jones.

In addition, even assuming the facts in the Amended Complaint are true, Plaintiff has not alleged facts showing the alleged constitutional violation was the result of an unconstitutional policy, practice or custom, which is the gravamen of an official capacity claim under § 1983. Again, the only allegations in the Amended Complaint are that the Butler County Jail took Plaintiff in when he was arrested and that he was eventually transported from the jail to the FMC for arraignment five days later. The Amended Complaint does not allege facts regarding the nature of the policy, custom or practice of Sheriff Jones, or how it was the cause of the alleged constitutional violation. Absent such facts, Plaintiff's official capacity claim fails on the pleadings.

Finally, as to the individual claim against Sheriff Jones, the Sheriff is entitled to qualified immunity. Plaintiff has not alleged and cannot show that Sheriff Jones was personally aware of Plaintiff and/or involved with his detention, other than being the head of the office which operates the jail. Without evidence of personal involvement by Sheriff Jones, the individual claims against him must fail. And while there is little question that the principles set forth in *Riverside* and *Gerstein* are well-established law, it is *not* well-established in the law that a jailer is constitutionally required to ensure that a person brought to the jail receives a prompt probable cause determined from the court for the jurisdiction in which the person was arrested. In fact, the only case law from the Sixth Circuit on this issue confirms that it is the duty of the arresting officer and court to ensure a prompt probable cause determination—not the jail in which the arrestee is physically held. See *Leschorn v. Fitzgerald*, 6th Cir. No. 97-3421, 1998 U.S. App. LEXIS 2034. As such, Sheriff Jones is entitled to qualified immunity from the individual capacity claim against him as a matter of law.

**LAW AND ARGUMENT**

I. **Assuming the facts in the Amended Complaint are true, the Sheriff did not violate Plaintiff's Fourth Amendment rights under *Riverside*. Ohio and federal law impose the duty to ensure that an individual arrested without a warrant receives a probable cause determination upon the arresting officer, not the detention facility physically holding the arrestee.**

The only claim against Sheriff Jones is that Mr. Caddell remained in the Butler County Jail for more than 48 hours without a probable cause hearing. The Amended Complaint is clear that the reason for this was that the FMC, which was the jurisdiction in which the arresting officer filed the charges against Mr. Caddell, was not available to conduct a probable cause hearing until February 28, 2017. There is no allegation that BCSO failed or refused to take Mr. Caddell for a probable cause determination when it was available. Thus, the straightforward question here is this: did the law impose on BCSO, who is only the operator of the jail, an independent duty to ensure that Mr. Caddell appeared before the FMC within 48 hours, such that it could be liable for a constitutional violation when he did not receive a probable cause determination. The answer, under both federal and state law, is no.

This issue was squarely addressed by the Sixth Circuit Court of Appeals in *Leschorn v. Fitzgerald*, 6th Cir. No. 97-3421, 1998 U.S. App. LEXIS 2034. In *Leschorn*, the plaintiff was arrested for traffic violations and detained in two county jails for 63 hours between his arrest and his initial appearance for a probable cause hearing. The plaintiff filed suit against the county in which he was jailed, alleging that that the jailer violated his constitutional rights by holding him for more than 48 without a probable cause hearing. Reversing the denial of summary judgment to the jailer, the Court held:

5

> The district court cited to no direct authority holding jailors, temporary or otherwise, liable for a denial of a prompt probable cause hearing under the *Gerstein/Riverside* guidelines. Indeed, *the overwhelming body of law has always been that the person effecting a warrantless arrest of a suspect is the individual charged with delivering the arrestee to a magistrate as soon as practicable*. See, *Riverside*, 500 U.S. at 61 (Emphasis added).

Id. at *7.

*Leschorn* is the only decision in which the Sixth Circuit has directly addressed the issue of whether a jailer can be held liable under § 1983 when an arrestee that has been committed to its jail does not receive a probable cause hearing/determination within 48 hours of being arrested. And the answer given by the Court in *Leschorn* is "No."

Similarly, in *Lee v. Kalamazoo County Jail*, W.D. Mich. No. 1:15 CV 379, 2016 U.S. Dist. LEXIS 70626, plaintiff sued the sheriff's department (which operated the jail in which he was detained) for holding him for three days without a probable cause determination after he was arrested for a parole violation. The plaintiff alleged that the sheriff's office had the responsibility to ensure he received a probable cause determination within 48 hours. The Court summarily dismissed his claims against the sheriff's department, finding that the allegation against the sheriff's office, i.e. the jail he was detained in, did not state a claim for relief. The Court held that the responsibility for ensuring that the right to a prompt determination of probable cause is the responsibility of the individual who effected the arrest, in this case the parole officer, not the sheriff's office/jail. Id. at *5-6.

In addition to *Leschorn*, the Sixth Circuit has also held that in order to determine who *does* have the responsibility to ensure that an arrestee receives a probable cause hearing, one must look to state law. In *Drogosch v. Metcalf*, 557 F.3d 372 (6th Cir. 2009), an arrestee was detained by a state parole officer for a probation violation, though the agent mischaracterized the violation as a parole violation, which caused the Plaintiff not to receive a probable cause hearing for 13 days. In

6

the subsequent lawsuit, the parole officer argued that he was not responsible for the confinement of the plaintiff in violation of *Riverside,* placing that responsibility on the local probation officer and the jail.  Disagreeing with the defendant, the Court held that in determining who is responsible for compliance with *Riverside*, "[w]e 'must look to state law to determine who is responsible for ensuring that judicial determination of probable cause is made within 48 hours after an arrest." *Drogosch*, 557 F.3d at 378-379, citing *Cherrington v. Skeeter*, 344 F.3d 631, 644 (6th Cir. 2003). The Court then found that under Michigan law, it is the responsibility of the arresting officer to bring an individual subject to a warrantless arrest before a magistrate for a probable cause determination.  *Drogosch,* 557 at 379.

Per *Drogosch*, the Court must look to Ohio law to determine who is responsible to ensure that an individual arrested without a warrant is brought before a magistrate for a probable cause hearing/determine.  As to this question, Ohio Crim. R. 4(E)(2) states:

> Where a person is arrested without a warrant the arresting officer *shall*, except as provided in division (F), *bring the arrested person without unnecessary delay before the court having jurisdiction of the offense*, and shall file or cause to be filed a complaint describing the officer for which the person was arrested.

(Emphasis added).

Conversely, there is nothing in the Ohio Revised Code that imposes the responsibility of ensuring arrestees have a probable cause determination of their charges on the jail staff.  Under the Revised Code, the only role of the jail is to physically hold the arrestee at the behest of the arresting officer pending a hearing with the appropriate jurisdictional court.  As to the Sheriff's handling of detainees and inmates, the Revised Code states only that "[the Sheriff] shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction."  See R.C. § 341.01. Likewise, O.A.C. Chapters 5120:1-08 through 5120:1-12, which contain rules governing jails,

7

contain no provision imposing the responsibility to provide a probable cause hearing or determination of the jail physically holding the arrestee.

In fact, Sheriff Jones not only had no duty or authority to release Plaintiff, Ohio law would have prohibited him from doing so. It is clearly established in Ohio that elected and appointed county officials have no power to act in the absence of an authorizing statute. See Ohio Atty. Gen. Op. No. 2018-0028 ("A county sheriff is a creature of statute and therefore possesses only those powers expressly provided by statute and 'other powers reasonably necessary to make the express power effective.'"); See, also, *Clayton v. Ohio Bd. of Nursing*, 147 Ohio St. 3d 114, 2016-Ohio-643, 62 N.E.3d 132, at ¶ 33. Thus, absent express authority to do so, Sheriff Jones was not permitted to simply release the Plaintiff on his own initiative.

In her own Motion for Judgment on the Pleadings, Defendant Campbell argues that "the requirement to bring [a person arrested without a warrant] before a magistrate for a probable cause determination clearly falls to detaining officials." (Motion, ECF No. 12 at Page ID 60). The three cases which Defendant Campbell cites for this proposition, however, come from courts outside of the Sixth Circuit and are not controlling here, particularly as they contradict the holding in *Leschorn*. Moreover, it is a curious argument for FMC to argue that Sheriff Jones could be liable for failing to deliver Plaintiff to FMC for a probable cause hearing when it is undisputed that FMC was not open and available to conduct that hearing. Sheriff Jones cannot be held liable for failing to deliver a detainee to an empty courthouse for a probable cause hearing that could not possibly take place.

Looking to state law as instructed by *Drogosch*, Ohio law squarely imposes the duty to ensure that an individual arrested and detained without a warrant receives a probable cause determination on the arresting officer/agency. Ohio law does not impose the same duty on the

jailer physically holding the individual on behalf of the arresting officer. In this case, Plaintiff's claims against the Sheriff, which are premised on the incorrect contention that the Sheriff is responsible for ensuring that individuals like Mr. Caddell receive a probable cause determination in 48 hours, fail on the pleadings.

**II.     Assuming the facts in the Amended Complaint are true, the Sheriff did not violate Plaintiff's Fourth Amendment rights under *Riverside*, as the Sheriff was legally prohibited from unilaterally releasing Plaintiff, even after 48 hours had passed, without the arresting officer securing a probable cause determination from Fairfield Municipal Court.**

To succeed on his § 1983 claim against the Sheriff, Plaintiff must necessarily show that the Sheriff was the proximate cause of the alleged violation. Thus, Plaintiff must prove not only that the Sheriff caused him to be held for more than 48 hours, but that the Sheriff caused him to be held for more than 48 hours *without a probable cause determination*. There are only two conceivable ways that the Sheriff might have prevented Plaintiff from being held for more than 48 hours without a probable cause determination—unilaterally release Plaintiff or compel someone with Fairfield Municipal Court to make a probable cause determination. Neither option is lawful or viable.

BCSO did not have the authority to administratively release Mr. Caddell on its own initiative prior to expiration of the 48 hours following his arrest. There is no dispute that Mr. Caddell was arrested for the improper handling of firearms, which is a felony under R.C.2923.16(d)(1), a fifth-degree felony. (Amended Complaint, ECF No. 6, at ¶ 26; Answer, ECF No. 10, at ¶ 8). Pursuant to R.C. § 2937.23(A)(1), a person arrested for a felony must be brought before a judge or magistrate before a bond can be set allowing for the release of the arrestee. Likewise, Ohio Crim. R. 4(F) provides that a detention facility has the authority to release arrestees *in misdemeanor cases* if it is determined that a summons is reasonably calculated to assure the

arrestee's future appearance in court. This Rule does not include felony cases, meaning that a detention center is *not* authorized to unilaterally release a person arrested for a felony. Because Mr. Caddell was arrested on a felony, BCSO had no authority to release him on his own. Instead, BCSO was required to wait to release Mr. Caddell until either the arresting officer/agency or the Fairfield Municipal Court directed that Mr. Caddell should be released. Thus, one potential way in which BCSO could have prevented the detention—releasing Plaintiff prior to being brought for a hearing in Fairfield—was not available.

The other way to prevent Mr. Caddell from being held past the 48 hours without a probable cause determination would be for BCSO to secure a probable cause determination for him on its own. However, BCSO is not empowered to make probable cause determinations on its own for persons detained in its facility. See Ohio Crim. R. 4(A)(1) (listing the persons who have the ability to make findings of probable cause, does not include detention facilities). Thus, for the purposes of ensuring a probable cause determination, BCSO was subject to the availability of the Fairfield Municipal Court and the schedule that it directs. As noted in the Amended Complaint, however, the Fairfield Municipal Court does not conduct hearings from Friday until the next Tuesday. During that time frame, there was no one to whom BCSO could have brought Mr. Caddell to conduct a probable cause determination for Fairfield Municipal Court within the 48 hours of Mr. Caddell's arrest. In her Motion, Judge Caldwell argues at length that it was BCSO's responsibility to ensure compliance with the 48-hour rule. But this begs the question: if the municipal court with jurisdiction over the claims against Mr. Caddell did not make itself available to make a probable cause determination, what was BCSO to do with Mr. Caddell, who was charged with a felony and could not be released unilaterally by BCSO?

The reality is that once Mr. Caddell was committed to BCSO's jail on a felony, both Mr. Caddell and BCSO were dependent on the arresting officer and the Fairfield Municipal Court to provide Mr. Caddell a probable cause determination within 48 hours of his arrest. BCSO could not have released Mr. Caddell and BCSO had no authority to compel Fairfield Municipal Court to be available to make a probable cause determine. As such, BCSO was not the proximate cause of Mr. Caddell being held for more than 48 hours without a probable cause determination regarding the charges against him.

**III.     Plaintiff has not pleaded facts establishing that the alleged constitutional violation was caused by an official policy, custom or practice of the Butler County Sheriff.**

To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged violation occurred because of a municipal policy, practice, or custom; and a municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016), quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Along with identifying the "conduct properly attributable to the municipality," a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

To satisfy the requirements of *Monell* in this case, Plaintiff asserts nothing more than the bare legal conclusion, repeated over and again, that Plaintiff's constitutional rights were violated because of a policy of the Butler County Sheriff. (Amended Complaint, ECF No. 6, at PAGE ID 17, 20, 21, 33, 35). This legal conclusion alone, however, is insufficient to state a cognizable claim under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 868 (2009). *Iqbal* made clear that "the tenet that a court must accept a complaint's allegations as true is inapplicable to

11

threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id. at 663-664. Although legal conclusions may provide a framework for a complaint, they must be supported by factual allegations to survive a motion to dismiss. *Id.* at 664. That is, a plaintiff may use legal conclusions to create a context in which they then plead specific facts, which, if true, support the validity of those legal conclusions. Legal conclusions alone, however, are not adequate to state claim for relief.

In the Amended Complaint, Plaintiff alleges numerous times that he was held at the Butler County Jail for more than 48 hours without a probable cause because a custom or policy of Sheriff Jones (and his belief that others were as well). However, he never goes beyond this blanket conclusion. Specifically, Plaintiff alleges no facts showing what that alleged policy of the Sheriff was, or how that policy resulted in the alleged unconstitutional detention at the Butler County Jail. Likewise, Plaintiff alleges no facts which, even if true, would show that Sheriff Jones was deliberately indifferent to an alleged constitutional violation occurring at the jail. Instead, Plaintiff simply repeats in different places throughout the Amended Complaint the same conclusion: that he was held at the Butler County Jail for more than 48 without a probable cause determination because of a policy of Sheriff Jones. (Amended Complaint, ECF No. 6, at PAGE ID 17, 20, 21, 33, 35). This is tantamount to alleging only that it is the Sheriff's custom or policy to violate the law. Without more, Plaintiff's Amended Complaint does not satisfy the pleading standard in *Iqbal* and the pleading does not state a claim under *Monell*.

**IV.    Sheriff Jones is entitled to qualified immunity from Plaintiff's claims against him in his individual capacity, as 1) Sheriff Jones had no personal knowledge or involvement with the circumstances of the detention of Plaintiff, and 2) it is not clearly established law in this Circuit that a jailer may violate the Fourth Amendment rights of a person subject to a warrantless arrest by holding the person longer than 48 hours where neither the arresting officer nor the court with jurisdiction makes a probable cause determination, or is available to make a probable cause determination.**

12

Plaintiff has sued Sheriff Jones in his individual capacity, as well as in his official capacity. As such, the defense of qualified immunity is available to Sheriff Jones as it applies based on the allegations set forth in the Amended Complaint.

Courts employ a two-part test to determine if qualified immunity applies. First, courts determine whether the facts, taken in a light most favorable to the party alleging injury, show an officer's conduct violated a constitutional right. Second, if a constitutional right was violated, courts must determine "whether the violation involved a clearly established constitutional right of which a reasonable person would have known." (quotation marks and citation omitted). If a plaintiff fails to establish either prong, he has failed to carry his burden, and judgment is appropriate for the defendant. Since the failure of either prong is dispositive in favor of a defendant, the Court may address either prong first.

The Supreme Court has recently reiterated earlier admonitions that "'clearly established law'" should not be defined 'at a high level of generality.'" (quoting. Instead, "the clearly established law must be 'particularized' to the facts of the case." (quoting. "Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id.* (quoting).

According to this directive, "a plaintiff must identify a case with a similar fact pattern that would have given 'fair and clear warning to officers' about what the law requires." (quoting). Throughout the qualified immunity analysis, "[t]he 'dispositive inquiry . . . [remains] whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (quoting).

As to the first prong, the Amended Complaint fails to allege specific facts establishing that Sheriff Jones personally violated Plaintiff's constitutional rights. To establish liability under §

13

1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992) (individual capacity claims must show personal involvement of the defendant who caused the plaintiff's injury). "Because vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through *the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Here, the Amended Complaint is devoid of any fact or allegation showing that Sheriff Jones personally was aware of or participated in any aspect of holding Plaintiff at the Butler County Jail. Instead, Sheriff Jones has been sued purely in his role as the head of the Butler County Sheriff's Office, which operates the facility in which Plaintiff was held. Absent facts showing that Sheriff Jones was aware of Plaintiff's circumstances and/or participating in the decisions related to his detention at the Butler County Jail, Plaintiff cannot state a claim against Sheriff Jones in his individual capacity.

As to the second prong, at the time of his arrest and detention, the law in the Sixth Circuit was far from clear and did not give Sheriff Jones "fair and clear warning" about his duty to Plaintiff regarding a probable cause determination The *specific* fact pattern here is a person arrested for a felony without a warrant who was held for more than 48 hours without a probable cause determination because the arresting officer did not arrange for a probable cause determination and the court with jurisdiction over the arrestee was not available to make such a determination. Thus, the question is this: on February 23, 2017, was it clearly established law in the Sixth Circuit that **a jailer** with no authority to unilaterally release a felony arrestee was nonetheless required to either procure a probable cause determination for the arrestee within 48 hours or unilaterally release the arrestee? The answer to that is less than clear.

As set forth above, the only case law in the Sixth Circuit directly addressing the applicability the requirements of *Riverside* to jailers holds that a jailer is *not* the entity who has the obligation to ensure that an arrestee who is detained is provided a probable cause determination within 48 hours of arrest. *Leschorn v. Fitzgerald*, 6th Cir. No. 97-3421, 1998 U.S. App. LEXIS 2034; *Lee v. Kalamazoo County Jail*, W.D. Mich. No. 1:15 CV 379, 2016 U.S. Dist. LEXIS 70626. In fact, the Sixth Circuit has instructed that state law determines who has the duty to ensure a timely probable cause determination, and Ohio law imposes this duty on the arresting officer or agency, not the facility where the arrestee is housed. *Drogosch v. Metcalf*, 557 F.3d 372 (6th Cir. 2009); Ohio Crim. R. 4(E)(2). And as set forth above, the office held by Sheriff Jones being a creature of statute, Sheriff Jones did not have the express authority under Ohio law to simply release Plaintiff on his own initiative. Thus, even if this Court were to find that a jailer has an independent duty to ensure that arrestees receive a probable cause determination consistent with *Riverside* or release the arrestee at 48 hours (even though state law authorizes neither), this duty was not clearly established in February of 2017, when Plaintiff was arrested.

This very issue was addressed just a few years ago by a Maryland District Court in *West v. Murphy*, D.C. Maryland No. CCB-05-1287, 2015 U.S. Dist. LEXIS 22502. In *West*, the plaintiff, who was arrested without a warrant and was detained more than 48 hours without a probable cause determination, brought a class action suit against various individuals involved in his detention, including the warden of the facility where he was held. The warden argued that she was entitled to qualified immunity because "a reasonable official in her position would not have believed she was authorized to act unilaterally to release arrestees who had not been timely presented to a court commissioner [for a probable cause determination]." Id. at *29. The District Court agreed, holding:

15

> Even assuming that [the warden's] conduct was unconstitutional, the plaintiffs have cited no authority from the Supreme Court, the Fourth Circuit, or the Court of Appeals of Maryland clearly establishing that a warden in [the warden's] position would violate an arrestee's constitutional rights by not taking the remedial actions the plaintiffs suggest could have alleviated Central Booking's overdetention problem.***The issues facing Central Booking—with its mix of state and local agencies, several of which were responsible for delays in presentment of warrantless arrestees—constituted a gray area, and [the warden's] failure to unilaterally release overdetained individuals or seek judicial permission to prolong their detention crossed no bright lines. She thus had no "fair warning" that her conduct was unconstitutional, and is entitled to qualified immunity.

Id. at *30.

The same factors at issue in *West* are also present here. There is no authority from the Supreme Court, Sixth Circuit or Ohio District Courts clearly establishing that Sheriff Jones would violate Plaintiff's constitutional rights unless unilaterally releasing Plaintiff or independently arranging for a probable cause determination from a court that was not even available to conduct such a proceeding. Given that it is undisputed that the Fairfield Municipal Court was not available to conduct a probable cause determination and that Sheriff Jones had no authority to unilaterally release Plaintiff, there was no "bright line" here mandating a particular course to Sheriff Jones that would have given him fair warning that his staff's failure to act regarding Plaintiff would be unconstitutional. As such, to the extent that the Amended Complaint fails to allege any facts showing that Sheriff Jones personally was involved in the events on which this action is based, Sheriff Jones is entitled to qualified immunity from Plaintiff's claims as a matter of law.

## **CONCLUSION**

For the reasons set forth above, Defendant Butler County Sheriff Richard Jones respectfully requests that this Court grant judgment on the pleadings in his favor pursuant to Fed. R. Civ. P. 12(c) and dismiss the claims against him in this matter.

        Respectfully submitted,

        /s/ *Aaron M. Glasgow*
        J. Stephen Teetor    (0023355)
        E-mail: jteetor@isaacwiles.com
        Aaron M. Glasgow    (0075466)
        E-mail: aglasgow@isaacwiles.com
        Isaac Wiles Burkholder & Teetor, LLC
        Two Miranova Place, Suite 700
        Columbus, Ohio 43215
        (614) 221-2121
        Fax (614) 365-9516
        *Attorneys for Defendant*
        *Butler County Sheriff Richard Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ *Aaron M. Glasgow*
        Aaron M. Glasgow    (0075466)