United States District Court
for the Southern District of Ohio
Western Division

---

Anselm Caddell, et al.,

    Plaintiffs,

v.

Joyce Campbell, et al.

    Defendants.

Case No. 1:19-cv-091

District Judge Douglas R. Cole

Magistrate Judge Stephanie K. Bowman

---

Joint Motion for Preliminary Approval of Settlement Agreement

---

Come now the parties to this action, by and through undersigned counsel, and respectfully move the Court for a preliminary order approving the proposed settlement of this matter pursuant to the terms of the attached Settlement Agreement (the "Agreement") negotiated between the parties and in accordance with the plan for administration and resolution as detailed within that document. The settlement of this matter brings an efficient end to this litigation, ensures a reasonable recovery for all class members, and otherwise produces a just and fair resolution for the class. A memorandum in full support of the reasonableness, fairness, and adequacy of the settlement reached and directed by the Agreement follows.

Memorandum in Support

*Introduction and Factual Background*

Presumptively innocent people arrested by law enforcement without a warrant are protected by a penumbra of rights that are given effect by prompt appearance before a judicial officer. *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). Appearances before a judicial officer within 48 hours of a warrantless arrest are sufficiently "prompt" to pass constitutional muster, while

appearances outside such period are not. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). When people were arrested by police in the City of Fairfield and held in the Butler County Jail for appearance before the Fairfield Municipal Court, however, this so-called "48-hour rule" was not always satisfied. This Court previously certified a class of individuals affected by these circumstances comprised of approximately 500 people who may meet the following definition:

> Plaintiffs and those individuals subject to a warrantless arrest by City of Fairfield Police Officers from February 1, 2017 until February 28, 2019, and who were held by the Butler County Sheriff's office for more than 48 hours on charges pending in the Fairfield Municipal Court, if held without a post-arrest probable cause determination by a judicial officer and not otherwise subject to lawful detention for reasons unrelated to the warrantless arrest.

(Doc. 72, PAGEID # 497; Doc. 73, PAGEID # 502, 509)

Following the filing of this action procedures were instituted by the Defendants to ensure compliance with *Gerstein/Riverside's* mandate in Fairfield. An agreement for the resolution of the remaining monetary claims of those class members affected by the prior process in Fairfield is now before the Court for review. The parties have negotiated the Agreement (attached hereto as Exhibit "1") to fairly resolve the alleged constitutional and federal civil rights violations plead in the Second Amended Class Action Complaint filed on July 23, 2020. (Doc. 45) The proposed settlement is the result of extensive negotiations between the parties over a period of years with the assistance of several mediators including private counsel, a Magistrate Judge, and, most recently, a Senior District Judge of this court. The Agreement provides for a total sum of $1,215,000 paid by Defendants in this matter to resolve the class members' claims, those of the two named class representatives, and to pay the reasonable legal fees and expenses of class counsel. All parties represent that the terms of the proposed settlement detailed in the Agreement have been negotiated at arm's length and are otherwise appropriate for preliminary approval by this Court at this time.

*Governing Law*

Fed. R. Civ. Pro. 23 directs that when presented with a proposed settlement of a class action, a court is to make an initial determination as to the propriety of the proposed settlement sufficient to warrant notification to the class. Fed. R. Civ. Pro. 23(e)(1)(A). In so doing, a reviewing court must be satisfied that the proposed resolution is sufficiently fair, reasonable, and adequate to be likely to warrant final approval. Fed. R. Civ. Pro. 23(e)(1)(B)(i) & (e)(2).

Upon finding approval of the proposed settlement likely under Fed. R. Civ. Pro. 23(e)(2), a court is empowered to direct that notice of the proposed settlement be made in a reasonable manner to all class members who would be bound by the proposal. Fed. R. Civ. Pro. 23(e)(1). The Parties have included proposed notices (via mailing and publication) as exhibits to the Agreement submitted for the Court's review. Following preliminary approval, sufficient that notice be issued to those who would be bound by the Agreement, the parties request that the Court schedule a final hearing to determine whether this settlement is fair, reasonable, and adequate. Fed. R. Civ. Pro. 23(e)(1)(B) & (e)(2).

Since Rule 23 was amended in 2018, a court's determination of whether approval of a proposed class action settlement is appropriate involves a determination that all the following has been established:

 (A) the class representatives and class counsel have adequately represented the class;

 (B) the proposal was negotiated at arm's length;

 (C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

3

      (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D)  the proposal treats class members equitably relative to each other.

Fed. R. Civ. Pro. 23(e)(2)(A)-(D). Before Rule 23 was amended, the Sixth Circuit identified related factors for consideration pursuant to the broader and more ambiguous language of the prior version. Those factors included: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (the "*UAW* factors"). While the Sixth Circuit has not addressed directly the status of the *UAW* factors in the wake of Rule 23's amendment, some courts in the district have continued to use the *UAW* factors to assess the fairness of a class action settlement proposal, others have not, and still others have applied both the (A) through (D) factors as well as *UAW* factors. *See*, *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 661 (N.D. Ohio 2023) (collecting cases). Applying the wisdom of one court in this district to the instant case seems appropriate given that the proposed resolution of matter *sub judice* is relatively straightforward. In that case, Judge Calabrese of Ohio's Northern District wrote, in relevant part, that:

> [t]he proper standard for approval of a class settlement under Rule 23(e)(2) begins with and requires the considerations listed in the Rule. In addition, the factors identified in *UAW* might have relevance on any particular set of facts. Where they do not, there is no occasion to consider them. Requiring consideration of an expanding list of factors would frustrate the advisory committee's goal of focusing the court's attention and "distract both the court and the parties from the central concerns that bear on review."

4

*Id*. at 661. Here, as in *McKnight*, review of the circumstances before the Court under subsections (A) through (D) of the amended rule is an appropriate framework for this Court to use to assess the fairness, reasonableness, and adequacy of the Agreement.

*The Proposed Settlement is Fair, Reasonable, and Adequate*

Consideration of the Rule 23 factors confirms the Agreement is consistent with the rules requiring fairness and equity for resolution of class claims, as discussed further below.

(1) The class representatives and counsel have adequately represented the class (Fed. R. Civ. Pro. 23(e)(2)(A))

Mr. Caddell has been the lead Plaintiff since this matter was originally filed in February 2019. (Doc. 1, PAGEID # 1-9) Mr. Lawson was added to the litigation in July 2020. (Doc. 45, PAGEID # 319-332) Both men have been responsive and engaged with Class Counsel throughout these proceedings. Both were deposed in the matter and their testimony, along with other discovery conducted, has yielded facts to demonstrate that their particular claims are resonant of others within the defined class. Both were arrested in Fairfield, held in the Butler County jail, and both were detained beyond 48 hours while they awaited appearance before Joyce Campbell of the Fairfield Municipal Court. Mr. Caddell was subject to an over-detention of approximately 72 hours, while Mr. Lawson's over-detention was approximately 48 hours.

Class Counsel have represented the class representatives throughout all proceedings. Counsel have been successful in motion practice, engaged in significant discovery, and negotiated zealously through multiple mediations, all to advance the interests of the class and to address and remediate the circumstances in Fairfield. Class counsel have prepared the Agreement presented for the Court's review and remain engaged to bring this matter to a beneficial resolution for the class.

(2) The Agreement was negotiated at arm's length (Fed. R. Civ. Pro. 23(e)(2)(B))

5

All parties have been separately represented throughout this matter. The motions practice, discovery, and mediations, were collegially, yet vigorously, contested between the Parties. The Agreement before the Court for review is the product of those years of efforts and was ultimately brokered with the assistance and input of Magistrate Judge Litkovitz and Senior District Judge Barrett via separate mediations after an initial private mediation failed to achieve accord.

  (3) <u>The Agreement provides adequate relief to class members (Fed. R. Civ. Pro. 23(e)(2)(C))</u>

Well prior to reaching consensus on the terms of the Agreement, the Defendants took measures to remediate the issues which formed the basis for this case. Within a short period of time after being served with this lawsuit, the Defendants separately and collectively put into place updated policies and procedures to ensure that: arrestee's time in custody at the Butler County Jail is tracked in accord with the 48-hour rule; the Court is accessible such that any arrestee is able to receive a probable cause determination within 48 hours of arrest; and arrestees are, in fact, receiving a probable cause determination within 48 hours of arrest. Accordingly, as a result of this litigation, the public at large is now well served by a process in Fairfield which comports with the constitutional mandate that people arrested without a warrant be given prompt appearance before a judicial officer.

The Agreement fairly compensates all class members for the deprivation of constitutional purchase by ensuring that every member who submits a valid claim will receive at least $500 in recognition of that unique injury. Individual class members' claims are then addressed in an escalating calculation which provides for proportional awards which account for the length of over-detention of each class member. Those who were over-detained for greater periods of time will therefore receive greater awards than those over-detained more briefly. Furthermore, the agreement increases compensation for those class members who were released without condition upon appearance before the judicial officer. For those individuals, a multiplier is applied to the

6

calculation of their over-detention. This ensures that those who were over-detained and who would unquestionably have been freed sooner for want of an appearance, receive compensation in recognition of that additional circumstance.

The Agreement provides a certain recovery for class members. This is of great significance in the instant matter in which all defendants have raised defenses to liability. Even if found liable, claims of immunity and/or qualified immunity applicable to some defendants could delay or defeat recovery by the class. At bare minimum, further litigation before this Court and, likely, the Circuit Court to follow, would take additional years to complete, prolonging the uncertainty that recovery could ever be achieved to address the class members' claims.

Class Counsel's fees, supported at greater length in their separate motion and supporting memorandum, are reasonable given the length of time they have worked on this matter, the hours expended, the complexity of the legal claims, defenses, and immunities at issue, and the contingent nature of any recovery. Class Counsel are only to be paid their fees per the terms of the Agreement upon final approval by the Court following review of all the supporting documentation and a fairness hearing. Class Counsel's request for fees in an amount less than their lodestar is presumptively reasonable in this Section 1983 class action matter. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The Supreme Court has found that in a Section 1983 class action case, the lodestar method yields a fee that is presumptively sufficient to achieve a "reasonable" fee. This method (number of hours expended x hourly rates) has as a benefit the production of an "objective" calculation, which "produces reasonably predictable results" and, thus, has achieved dominance in the federal courts in fee-shifting jurisprudence. *Id.* Given the favorable outcome to class members and the public at large in the instant matter, Class Counsel's fees calculated pursuant to this method represent one-third of the total recovery for the class and are otherwise reasonable and appropriate in the context of the broader class settlement.

Incentive awards for the two named plaintiffs are also reasonable and appropriate. Messrs. Caddell and Lawson were necessary for this class action to proceed and for the enforcement of the rights of those in the class similarly situated. They are entitled to incentive awards in addition to the award they would otherwise receive solely as members of the class itself. Plaintiffs' participation in this litigation and impetus to move forward seeking change and redress for those in like circumstances have benefited the whole of the class and the public at large in their community. The named plaintiffs' years of active engagement in the litigation process, myriad intrusions into their everyday lives, and courage to stand up to powerful individuals in the community in which they resided, merit further award. Were it not for the efforts of the named plaintiffs and their contributions to the investigation and litigation of this lawsuit, the substantial benefit to all class members and the public at large provided under the Agreement would not have resulted.

Finally, under Rule 23(e)(2)(C)(iv), there are no other agreements made between the parties beyond the terms contained within the Agreement, which require separate disclosure pursuant to Rule 23(e)(3). The provisions of the Agreement constitute the whole of the covenants between the Parties.

(4) <u>The proposal treats class members equitably relative to each other (Fed. R. Civ. Pro. 23(e)(2)(D))</u>

As mentioned above, the Agreement establishes a common award for all class members of $500 and an additional award based upon hours of over-detention. The longer the class member was over-detained, the greater the amount of their award under the terms of the Agreement. Furthermore, for those who were released without condition once they appeared before the court, a threefold hourly award is provided by the Agreement. The per-hour rate is to be calculated according to the number of class members who participate in the fund. Doing so seeks to ensure: (1) equitability of the apportioned rate, as distinguished from the arbitrariness of a pre-determined

8

rate and (2) distribution of all proceeds, without remainder, to class members, less Class Counsels' fees and expenses, and administrative costs. This process promotes equity throughout the class and among class members, while accounting for the differences occasioned by the length of detention and the circumstances of release.

   (5) <u>The Agreement is also reasonable in view of the *UAW* factors</u>

  The Sixth Circuit's *UAW* factors have largely been addressed in the context of the analysis under the current version of Rule 23, above. An absence of "fraud or collusion," is demonstrated by the arm's length nature of the Agreement and the process of resolution via mediation. The "complexity, expense and likely duration of the litigation," as well as the "amount of discovery engaged in by the parties," is substantial given the hundreds of pages of briefing necessary to get through Rule 12 practice alone. Following preliminary resolution of those issues the parties exchanged documents and over a dozen depositions were taken. If the matter were to proceed there would undoubtedly be a round of briefing relative to motions for summary judgment followed by trial and likely appellate review either before trial or after. Given the nature of the case, as explained above, liability is but one piece of resolution in view of the defendants' claimed immunity and/or qualified immunity. Thus, although the class members claims are meritorious, the likelihood of "success," in this case, as in most Section 1983 cases, is a more nuanced matter. In light of the foregoing, it is the opinion of Class Counsel that this matter ought settle in order to advance the best interest of the class and to further foster "the public interest," as suggested by *UAW*, through the aforementioned remediation of the prior issue in Fairfield and the payment of just compensation for those in the class who were injured as a result.

  All told, the Agreement is the product of years of litigation and hundreds of hours of work by the parties, their representatives, and their respective counsel. Brokered with the assistance of esteemed judicial mediators, the Agreement achieves a fair and equitable resolution for class

members and an efficient resolution for all involved. Accordingly, this Court's preliminary approval is appropriate and respectfully requested.

*Request for Court Action*

The attached proposed Preliminary Approval Order provides the form that notice to the class will take and sets forth procedures to ensure that the class members receive notice of the terms of the Agreement in an efficient and effective manner. The parties respectfully request the following as part of the Court's Preliminary Approval Order:

a. The scheduling of a fairness hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement as per the Agreement and whether it should be finally approved by the Court;

b. A preliminary finding that the settlement detailed in the Agreement is likely to be sufficiently fair, reasonable, and adequate to warrant providing notice to the class members of a pending settlement;

c. The appointment of Rust Consulting as Claims Administrator for the initial purpose of sending notice to the class members, processing claim forms and requests for exclusion, maintaining a telephone system and website to inform and address questions from the potential class members and otherwise performing administrative tasks under the Agreement necessary prior to final approval;

d. A finding that the proposed mailed notice and published notice are: (1) the best practicable notice; (2) reasonably calculated, under the circumstances, to apprise potential class members of the pendency of the case and of their right to object to the proposed settlement or request exclusion from the class; (3) reasonable and sufficient to constitute due, adequate, and appropriate notice to all persons entitled to receive notice; and (4) otherwise sufficient to meet all applicable requirements of due process under law. Upon such finding, approving the proposed mailed and published notices and directing the Class Administrator to mail and publish notice to potential class members in accordance with the procedures set forth in the Agreement;

e. Requiring each class member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, or the attorney's fee award, or incentive to mail objection to the Claims Administrator and file it with the Clerk of the Court no later than 60 days after the Mailed Notice was issued;

f. Further order such procedures as the Court deems appropriate.

*Conclusion*

For all the reasons stated above, the Parties jointly request that this Court issue a preliminary order approving the proposed settlement of this matter pursuant to the terms of the Agreement negotiated between the parties and in accordance with the plan for administration and resolution as detailed within that document.

Respectfully submitted,

| | |
|---|---|
| */s/ Lisa M. Zaring* | */s/ Paul M. Laufman* |
| *(per email authorization of 02.07.2025 )* | Paul M. Laufman (0066667) |
| Lisa M. Zaring (0080659) | Gregory A. Napolitano (0068671) |
| MONTGOMERY JONSON LLP | LAUFMAN NAPOLITANO, LLC |
| 600 Vine Street, Suite 2650 | 4310 Hunt Road |
| Cincinnati, Ohio 45202 | Cincinnati, OH 45242 |
| (513) 241-4722 (p) | (513) 621-4556 (p) |
| (513) 768-9242 (f) | (513) 621-5563 (f) |
| lzaring@mojolaw.com | plaufman@LN-lawfirm.com |
| *Counsel for Defendant Joyce Campbell* | gnapolitano@LN-lawfirm.com |
| | *Class counsel* |
| */s/ John T. McLandrich* | */s/ Andrew N. Yasowitz* |
| *(per email authorization of 02.07.2025 )* | *(per email authorization of 02.07.2025 )* |
| John T. McLandrich (0021494) | Andrew N. Yosowitz (0075306) |
| MAZANEC, RASKIN & RYDER CO., L.P.A. | TEETOR WESTFALL, LLC |
| 100 Franklin's Row; 34305 Solon Road | 200 E. Campus View Blvd., Suite 200 |
| Cleveland, OH 44139 | Columbus, Ohio 43235 |
| (440) 248-7906 (p) | (614) 412-4000 (p) |
| (440) 248-8861 (f) | (614) 412-9012 (f) |
| jmclandrich@mrrlaw.com | ayosowitz@teetorlaw.com |
| *Counsel for Defendant City of Fairfield, Ohio* | *Counsel for Defendant Richard Jones* |

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading was electronically filed on the 6th day of March 2025. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                                */s/ Paul M. Laufman*